Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| EVA A. MELÉNDEZ ALVARADO, JOSÉCARLOS ORTIZ GARCÍA, JOE PÉREZ AYALA Y OTROS<br><br>Recurridos<br><br>V.<br><br>MIREYA MERCEDES QUIÑONES FERNÁNDEZ, MUNICIPIO AUTÓNOMO DE GUAYNABO<br><br>Peticionarios | TA2025CE00231 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm. BY2025CV03714<br><br>Sobre: Sentencia Declaratoria, Injunction (Entredicho Provisional, Injunction Preliminar y Permanente), Daños |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de octubre de 2025.

Comparece la Sra. Mireya Mercedes Quiñones Fernández (en adelante, "señora Quiñones Fernández" o "peticionaria") para que revisemos la *Resolución Interlocutoria* emitida y notificada el 22 de julio de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "tribunal de instancia o TPI").[1] En esta el TPI declaró *No Ha Lugar* la moción de desestimación presentada por la señora Quiñones Fernández y determinó que en el caso de autos no faltaban partes indispensables.

Examinada la totalidad del expediente, resolvemos **denegar** la expedición del auto de *certiorari* solicitado.

---

[1] Véase, Entrada Núm. 30 del Sistema Unificado de Manejo y Administración de Casos (en adelante, "SUMAC").

Nos limitaremos a presentar los hechos del caso relacionados a esta controversia, sin especificar ciertos trámites cuya omisión no incide en nuestra determinación final. Veamos.

**-I-**

El caso de autos se originó el **14 de julio de 2025**,[2] ocasión en que la Sra. Eva A. Meléndez Alvarado, el Sr. Joe Pérez Ayala, el Sr. Josécarlos Ortiz García, el Sr. Pedro Colton Vergé, la Sra. Myriam Grinblat De Orieta, la Sra. María Durán Rivera, el Sr. Jorge Ubarri Molfulleda, la Sra. Carol Figueroa López, la Sra. María I. Muñiz Suárez, la Sra. Myriam Santiago Gallardo, la Sra. Denise Rivera Muñiz, y la Sra. Johanna Morales Santos (en conjunto, "demandantes" o "recurridos") instaron una *Petición de sentencia declaratoria, injunction preliminar y permanente al amparo de la Ley 161-2009* en contra de la señora Quiñones Fernández.[3] En esta argumentaron que la peticionaria llevó a cabo obras de construcción sin permiso y en contravención a las condiciones restrictivas establecidas por una servidumbre en equidad sobre las unidades en la urbanización Villa Ávila ubicada en el Municipio de Guaynabo. Ello dado que, la obra realizada por la señora Quiñones Fernández iba dirigida a expandir su propiedad y convertirla en varias unidades familiares con el propósito de alquiler, lo cual alegaron violaba las condiciones restrictivas. Por lo que, solicitaron al TPI que prohibiera la continuación de la construcción y se ordenase la demolición de las estructuras construidas sin permiso.

El **21 de julio de 2025**, la señora Quiñones Fernández presentó una *Moción solicitando desestimación.*[4] En esta alegó que en la Urbanización Villa Ávila existían otras cuatro (4) propiedades multifamiliares y hasta un edificio comercial con múltiples

---

[2] Véase, Entrada Núm. 1 de SUMAC.
[3] Incluyeron como parte indispensable al Municipio Autónomo de Guaynabo. La demanda fue enmendada el 21 de julio de 2025. Véase, Entrada Núm. 12 de SUMAC.
[4] Véase, Entrada Núm. 21 de SUMAC.

inquilinos. Razonó que la servidumbre que pretendían usar los demandantes solo existía en un papel, porque la urbanización cambió su composición y naturaleza mucho antes del 2025. Además, señaló que de existir una servidumbre en equidad vigente, no se podía discutir la existencia o no de la misma sin antes incluir como partes indispensables a los dueños registrales de las propiedades A-22, A-24, A-28, C-10, C-8, A-1, A-4 y A-35,[5] por estos también encontrarse en violación de dicha servidumbre. En consecuencia, solicitó se desestimara la demanda de referencia.

El **22 de julio de 2025**, el tribunal de instancia emitió la *Resolución Interlocutoria* de la cual se recurre.[6] En esta declaró *No Ha Lugar* la moción de desestimación presentada por la señora Quiñones Fernández y determinó que en el caso de autos no faltaban partes indispensables, puesto que no existía la obligación de acumular en un mismo caso a todos los propietarios sobre los cuales pudiera haber algún planteamiento de violación a las condiciones restrictivas. Así las cosas, le concedió a la señora Quiñones Fernández hasta el 22 de agosto de 2025 para presentar su contestación a la demanda.

Inconforme, el **31 de julio de 2025,** la señora Quiñones Fernández radicó el recurso de *certiorari* que nos ocupa y señaló el siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al determinar que no existe falta de parte indispensable.

El **11 de agosto de 2025**, los recurridos sometieron su *Memorando en oposición a expedición del auto de certiorari.*

Con el beneficio de la comparecencia de ambas partes, dimos por perfeccionado el recurso para la atención del Panel.

---

[5] Según surge de la moción presentada por la señora Quiñones Fernández, los dueños de las mencionadas propiedades son: Marlon Figueroa Colón; Bona I. López Avilés; Nilda I. Mediavilla Márquez; Julio Rosado Berdecía; Johnny Pérez Sánchez, Gregorio Cortés Álvarez; Gian Carlo Mercado Espinet y; Nidia J. Scally Trifilio.

[6] Véase, Entrada Núm. 30 de SUMAC.

**-II-**

**-A-**

El auto de *certiorari* es un medio procesal de carácter discrecional que, a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[7] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[8]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 <u>o de la denegatoria de una moción de carácter dispositivo</u>. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. <u>Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión</u>. [...].[9]*

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

---

[7] *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337 – 338 (2012).
[8] *García v. Asociación*, 165 DPR 311, 321 (2005).
[9] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1. *Énfasis nuestro.*

*(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[10]

En consecuencia, el Tribunal Supremo de Puerto Rico ha dispuesto que:

*[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[11]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable —ni perjudica los derechos sustanciales de las partes— deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[12]

**-III-**

En esencia, la peticionaria nos señala que el TPI incidió al concluir que en este caso no eran parte indispensable los demás vecinos de la Urbanización Villa Ávila que —presuntamente en sus propiedades— poseen construcciones en conflicto con la letra de la escritura de servidumbre en equidad.

Un examen de la *Resolución* recurrida nos lleva a determinar que se trata de una decisión dentro del sano ejercicio de discreción conferido a los tribunales de instancia y a su facultad de decidir los casos de la manera que entiendan **razonable**.

Es decir, no encaramos ninguna de las **excepciones** de la Regla 52.1 de Procedimiento Civil, *supra*, ni, enfrentamos ninguno de los **criterios** establecidos en la citada Regla 40 del Reglamento del Tribunal de Apelaciones que nos permitan intervenir con la decisión tomada por el TPI.

---

[10] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62 – 63, 215 DPR __ (2025).
[11] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[12] *SLG Zapata- Rivera v. JF Montalvo*, 189 DPR 414, 434 – 435 (2013).

A tono con lo antes expuesto, resolvemos que no hay prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. Razón por la cual, no intervendremos con la determinación recurrida.

**-IV-**

Por los fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones